UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH D. MORELAND, | No. 2:15-cv-00286 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| ERIC ARNOLD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. The court ordered service of petitioner's habeas corpus petition on April 27, 2015, and on August 19, 2015 respondent filed a motion to dismiss the petition as successive. Presently before the court is petitioner's request for appointment of counsel. Petitioner states that he is indigent; that he is a participant in the CCCMS mental health program; that the legal issues are complex and difficult for him to comprehend because his medication affects his "thinking and thought process;" and that his mental disability makes it nearly impossible for him to articulate his claims. See ECF No. 14 at 1; ECF No. 15 at 1; ECF No. 20 at 1.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions filed by state prisoners under Section 2254. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (no constitutional right to appointment of

1

counsel in habeas proceedings).  Nevertheless, a district court may appoint counsel for an indigent habeas petitioner upon a finding that "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); see also Rule 8(c), Fed. R. Governing § 2254 Cases; Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) ("[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").  Whether to appoint counsel in a given habeas proceeding is a matter within the district court's discretion, unless an evidentiary hearing is necessary.  Knaubert v. Goldsmith, 791 F.2d 722, 729-30 (9th Cir. 1986) (interests of justice require appointment of counsel when an evidentiary hearing is conducted on the petition).[1]

In the present case, the court finds that the interests of justice do not require appointment of counsel at this time.  Petitioner's indigence and participation in the CCCMS mental health program are circumstances common to many prisoners.  Moreover, the petition currently pending in this court demonstrates that petitioner is capable of articulating his claims pro se despite the complexity of the issues involved.  If the petition survives respondent's motion to dismiss, the court will determine whether an evidentiary hearing is warranted in this case when it conducts the Section 2254(d) analysis, see Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011), or whether other reasons support appointment of counsel in the interests of justice.  For present purposes, the court will extend time for petitioner to file an opposition to respondent's motion to dismiss.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's requests for appointment of counsel (ECF Nos. 14, 15, 20) are denied without prejudice; and

////

---

[1] Absent an evidentiary hearing and as a general rule, a court may appoint counsel only under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (citations and internal quotation marks omitted).

[2] The court notes that petitioner's address has now been updated to reflect his current location at North Kern State Prison.  Because respondent's motion to dismiss was served on petitioner at his former address, petitioner likely has not yet received respondent's motion to dismiss.

2. Petitioner is granted an extension of time until October 9, 2015 to file an opposition to respondent's motion to dismiss.

DATED: August 28, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE