1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH D. MORELAND,                        No.  2:15-cv-0286 KJM AC P

12                  Petitioner,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   ERIC ARNOLD,

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding pro and in forma pauperis with a petition for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently before the court is respondent's

19   motion to dismiss, ECF No. 21, filed August 19, 2015.  Petitioner has opposed the motion.  ECF

20   No. 24.

21        I.       Background

22        Petitioner was convicted in Solano County Superior Court of two counts of first degree

23   murder and two counts of second degree robbery.  On December 13, 1996, the trial court

24   sentenced petitioner to state prison for two consecutive life terms without the possibility of

25   parole.  ECF No. 21-1 Exh. A at 5.

26        Petitioner appealed, and the California Court of Appeal for the First Appellate District

27   affirmed the conviction on May 20, 1998.  See Dkt. in Case No. A077037 (Cal. App. Div. 1).

28   Petitioner also filed a petition for a writ of habeas corpus in the California Court of Appeal, which

1

1    was also denied on May 20, 1998.  See Dkt. in Case No. A080742 (Cal. App. Div. 1).  On August

2    19, 1998, the California Supreme Court denied review of both the direct appeal and the habeas

3    petition.  See Dkt. in Case Nos. S071458 and S071556 (Cal.); ECF No. 21-1 Exh. A at 5.

4           On February 3, 2000, petitioner filed a second habeas petition in the California Supreme

5    Court, which was denied on April 26, 2000.  See Dkt. in Case No. S085614 (Cal.).

6           On April 13, 2001, petitioner filed a federal habeas petition in the United States District

7    Court, Northern District of California, which was designated Case No. C 01-1470 MJJ.  By order

8    dated November 28, 2002, the district court found the federal petition untimely because it was

9    filed outside the one-year statute of limitations, and granted respondent's motion to dismiss the

10   petition as procedurally barred.[1]  See ECF No. 21-1 Exh. A at 5-7 (Order dismissing federal

11   habeas petition in Moreland v. Lamarque, No. C01-1470-MJJ, 2002 U.S. Dist. LEXIS 24814

12   (N.D. Cal. Nov. 28, 2002)) (hereafter "NDCA Order").  On September 18, 2003, petitioner filed a

13   request for a certificate of appealability, which the Ninth Circuit Court of Appeals denied on

14   October 22, 2003.  See ECF No. 21-1 Exh. B at 9-10 (copy of docket in Case No. 03-16726 (9th

15   Cir.)).

16          On February 2, 2006, petitioner filed a third habeas petition in the California Supreme

17   Court, which was denied on November 29, 2006.  See Dkt. in Case No. S140919 (Cal.).

18          On June 21, 2007, petitioner filed an application in the Ninth Circuit Court of Appeals for

19   leave to file a second or successive petition in federal court.  The Ninth Circuit denied the

20   application on August 2, 2007.  See ECF No. 21-1 Exh. C at 12-13 (copy of docket in Case No.

21   07-72456 (9th Cir.)).

22          On June 27, 2014, petitioner filed a fourth habeas petition in the California Supreme

23   Court, which was denied on September 10, 2014.  See Dkt. in Case No. S219706 (Cal.); ECF No.

24   _____

25   [1]  The district court considered and rejected petitioner's argument that the court should address
     his otherwise procedurally barred claims on the merits because he made a colorable showing of
26   actual innocence.  See ECF No. 21-1 Exh. A at 6-7.  Specifically, in finding that petitioner's
     claim of actual innocence did not rise to the standard articulated in Schlup v. Delo, 513 U.S. 298
27   (1995), the court observed that petitioner presented "no new evidence of his innocence, nor [did]
     he present evidence that was excluded at trial."  Id. at 7.  Instead, petitioner urged the court to
28   "review evidence admitted at trial and discussed on appeal in a new light."  Id.

1  1-2 at 25 (Order of denial from California Supreme Court).

2  The instant federal petition, ECF No. 1, was constructively filed on December 28, 2014.[2]

3  II.    Motion to Dismiss

4  Respondent moves for dismissal on the ground that petitioner's § 2254 petition is

5  successive under 28 U.S.C. 2244(b)(2).  ECF No. 21 at 1, 3.  Specifically, respondent argues that

6  because petitioner did not first obtain authorization from the Ninth Circuit Court of Appeals for

7  leave to file a second or successive petition, the instant petition should be dismissed for lack of

8  jurisdiction.  Id. at 3.

9  Petitioner opposed the motion,[3] arguing that the court may consider his successive petition

10 on the merits because he has newly-discovered evidence to support his claims of actual innocence

11 and ineffective assistance of counsel.  See ECF No. 24 at 3-15.  Specifically, petitioner contends

12 that his trial counsel failed to investigate or have DNA testing conducted on a baseball cap found

13 near the scene of the crime, which petitioner learned of for the first time when reading through

14 trial counsel's case file in 2013.[4]  See id. at 21-24.  Petitioner further contends that although

15 petitioner informed counsel of three alibi witnesses willing to testify on petitioner's behalf,

16 counsel failed to call any of those witnesses at trial.  See id. at 17-20.

17 Respondent did not file a reply.

18 III.    Successive Petition

19 28 U.S.C. § 2244(b)(3)(A) provides that a second or successive application for habeas

20 relief may not be filed in district court without prior authorization by the court of appeals.  See

21 Felker v. Turpin, 518 U.S. 651, 656–657 (1996).  Prior authorization is a jurisdictional requisite.

22 Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th

23 _____

24 [2] Since petitioner is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See
   Houston v. Lack, 487 U.S. 266, 276 (1988).  Under the prison mailbox rule, the date petitioner

25 signed the petition will be considered his filing date absent evidence to the contrary.  See Jenkins
   v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Here, the proof of service attached to the

26 instant petition is dated December 28, 2014.  See ECF No. 1-2 at 23; ECF No. 1-3 at 35.
   [3] The court notes that although labeled "Traverse," the filing is substantively a response to

27 respondent's motion to dismiss.  See ECF No. 24.
   [4] Petitioner explains that a witness told police that one of the perpetrators was wearing a baseball

28 cap.  See ECF No. 24 at 21.

3

1   Cir.2001) (once district court has recognized a petition as second or successive pursuant to §

2   2244(b), it lacks jurisdiction to consider the merits).  The district court has discretion either to

3   transfer a successive petition to the court of appeals or to dismiss the petition.  United States v.

4   Winestock, 340 F.3d 200 (4th Cir. 2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139–

5   140 (3rd Cir. 2002).

6        A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add

7   a new ground for relief," or "if it attacks the federal court's previous resolution of a claim *on the*

8   *merits . . .*"  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original).  "[A] 'claim'

9   as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of

10  conviction."  Id. at 530.  "A habeas petition is second or successive only if it raises claims that

11  were or could have been adjudicated on the merits."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th

12  Cir.2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir.2008)).

13       Petitioner previously challenged his conviction and sentence in Moreland v. Lamarque,

14  Case No. C 01-1470 MJJ, which was denied on the merits on November 28, 2002.[5]  This court

15  takes judicial notice of the record in that proceeding.  See Valerio v. Boise Cascade Corp., 80

16  F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126

17  (1981) (judicial notice may be taken of court records).  Respondent has also indicated that

18  petitioner's request for leave to file a second or successive petition in federal court, filed June 21,

19  2007, was denied by the Ninth Circuit Court of Appeals on August 2, 2007.  See ECF No. 21 at 3;

20  ECF No. 21-1 Exh. C at 12-13 (copy of docket in Case No. 07-72456 (9th Cir.)).  There is no

21  indication that petitioner sought further leave from the Ninth Circuit Court of Appeals to file a

22  second or successive petition.

23       Respondent contends that the instant petition is successive because petitioner already

24  challenged this same sentence and conviction in a prior federal habeas petition, which was

25

26  [5]  See ECF No. 21-1 Exh. A (copy of NDCA Order, summarizing petitioner's multiple bases for
    challenging his 1996 conviction and granting respondent's motion to dismiss the petition as
27  untimely because it was filed outside the one-year statute of limitations).  Respondent has
    indicated that petitioner's request for a certificate of appealabilty was denied.  See ECF No. 21-1
28  Exh. B at 9-10 (copy of docket in Case No. 03-16726 (9th Cir.)).

1   dismissed as untimely.  ECF No. 21 at 1.  Respondent is correct.  Because the prior petition was

2   denied on the merits, 28 U.S.C. § 2244(b)(3) applies.  McNabb, 576 F.3d at 1029.  Because

3   petitioner has "brought claims contesting the same custody imposed by the same judgment of a

4   state court" without first having obtained the requisite authorization from the Court of Appeals,

5   Burton v. Stewart, 549 U.S. at 153, this court cannot entertain the petition.  Should petitioner seek

6   to proceed on the merits, he must seek authorization from the Ninth Circuit Court of Appeals to

7   do so.

8        IV.    Summary

9        Even though petitioner claims to make a credible showing of actual innocence, **this court**

10   **cannot consider his federal habeas petition unless petitioner first gets permission from the**

11   **Ninth Circuit Court of Appeals for leave to file a second or successive petition.**  Because

12   petitioner did not get permission from the Ninth Circuit to file a second or successive petition,

13   this court cannot consider his petition.

14        Petitioner may re-file his federal petition **after** he obtains permission from the Ninth

15   Circuit Court of Appeals.  If he obtains permission, petitioner should re-file his federal petition

16   with a copy of the order from the Ninth Circuit authorizing him to file a second or successive

17   petition.

18        V.    Conclusion

19        In accordance with above, IT IS HEREBY RECOMMENDED that:

20        1.   Respondent's motion to dismiss (ECF No. 21) be granted on the ground that the

21             petition is successive; and

22        2.   Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without

23             prejudice to its refiling with a copy of an order from the Ninth Circuit Court of

24             Appeals authorizing petitioner to file a second or successive petition.

25        These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

27   after being served with these findings and recommendations, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be served and filed within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: January 14, 2016

6   _____

7   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6